**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| HJ DYNAMIC HOLDINGS, LLC, *et al.*,[1] | ) Case No. 22-10837 (JKS) |
|  | ) |
| Reorganized Debtors. | ) Jointly Administered |
|  | ) |
|  | ) **Related to Docket Nos. 300, 301 and 305** |

**FINAL DECREE AND ORDER (I) CLOSING CHAPTER 11 CASES**
**OF REORGANIZED DEBTORS AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "**Motion**")[2] of the Debtors for an order issuing a final decree and closing the Debtors' chapter 11 cases and granting related relief; and this Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other or further notice need be provided; and this Court having reviewed the Motion and any objections thereto and the Final Report; and, based on the Final Report, this Court finding that all Distributions required by the Plan have been made; and this Court having determined that the legal and factual bases set forth in the Motion and at any hearing on, the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

---

[1] The Reorganized Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are HJ Dynamic Holdings, LLC (4125), TS Dynamic Holdings, LLC (6365), Dynamic Restaurant Acquisition, Inc. d/b/a Happy Joe's Pizza (8894), TS Dynamic Acquisition, Inc. (9439). The Debtors' mailing address is 5239 Grand Avenue, Davenport, Iowa 52807.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

41300075.6 04/17/2023

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors' chapter 11 cases shall be, and hereby are, CLOSED, effective as of the entry of this Order, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1.

3.  A copy of this Order shall be docketed in the bankruptcy cases of each of the Debtors, which are as follows:

| Debtor Name | Case Number |
|---|---|
| HJ Dynamic Holdings, LLC | 22-10837 |
| TS Dynamic Holdings, LLC | 22-10838 |
| Dynamic Restaurant Acquisition, Inc. | 22-10839 |
| TS Dynamic Acquisition, Inc. | 22-10840 |

4.  In accordance with the Plan, and because the Final Report reflects that all Plan Disbursements have been made, the Debtors are hereby discharged of all debts under section 1141(d)(1)(A) of the Bankruptcy Code and all other debts allowed under section 503 of the Bankruptcy Code and provided for in the Plan, except for any debt: (i) on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the Court; or (ii) of the kind specified in section 523(a) of the Bankruptcy Code.

5.  The Final Report filed by the Debtors satisfies the post-confirmation reporting obligations imposed by the Confirmation Order.

6.  Within twenty-eight (28) days following entry of this Order, pursuant to Local Rule 2002-1(f)(ix), Omni Advisory Group, the Debtors' claims and noticing agent, shall: (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a final claims register in the Debtors' lead chapter 11 case (which is Case No. 22-10837 (JKS)).

7. Effective upon the closure of these cases, the service of Jami B. Nimeroff as the Subchapter V Trustee shall terminate and the Subchapter V Trustee shall be discharged of her duties.

8. This Court shall retain jurisdiction to hear and determine any manner or disputes arising in or related to the Debtors' cases, including without limitation any matters or disputes relating to the effect of the discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order, the enforcement of terms and conditions of the Plan or any Orders entered in the Chapter 11 Cases, and the consideration of any proper requests to reopen the case under section 350(b) of the Bankruptcy Code.

9. The entry of this Order is without prejudice to any party's right, if any, to seek to reopen any of the Debtors' cases.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: April 26th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE